**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **REBECCA ANN TANT,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No. 5:26-cv-13-MTT-ALS** |
| | : | |
| **ANDREA SHOWERS,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## ORDER

Pending before the Court is a Complaint filed by *pro se* Plaintiff Rebecca Ann Tant, an individual most recently incarcerated in the Pulaski State Prison in Hawkinsville, Georgia (ECF No. 1).  On February 17, 2026, Plaintiff was ordered to either pay the $405.00 filing fee in full or submit a complete and proper motion for leave to proceed *in forma pauperis*, to include a certified copy of her prison trust fund account information. Plaintiff was also instructed to notify the Court in writing of any change in her mailing address.  Plaintiff was given fourteen (14) days to comply, and she was warned that the failure to fully and timely comply with the Court's orders and instructions could result in the dismissal of this case.  *See generally* ECF No. 5.

After that order was docketed, previous correspondence from the Court was returned as undeliverable and marked, "RTS Inmate Released."  ECF No. 6 at 1.  A few weeks later, the February 17th Order was also returned as undeliverable and marked, "Return to Sender," "Attempted – Not Known," "Unable to Forward," "Return to Sender,"

and "RTS Released." ECF No. 7 at 1. A search of the Georgia Department of Corrections online offender query system fails to show Plaintiff as a current inmate. *See* https://services.gdc.ga.gov/GDC/OffenderQuery/jsp/OffQryRedirector.jsp [https://perma.cc/BV7P-44AZ] (searched "Tant, Rebecca") (last visited Apr. 10, 2026). The Court thus has no knowledge of Plaintiff's current whereabouts.

Plaintiff's failure to keep the Court informed of her mailing address is a failure to diligently prosecute this action warranting its dismissal. *See* Fed. R. Civ. P. 41; *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).[1] Moreover, this action simply cannot proceed if the Court does not have a current mailing address for Plaintiff. Plaintiff's Complaint is accordingly **DISMISSED without prejudice.** Although it is likely an exercise in futility, the Clerk is **DIRECTED** to mail Plaintiff a copy of this Order to her last known address at Pulaski State Prison.

**SO ORDERED**, this 22nd day of April, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.